IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK07-80605-TLS |
| BRENDA M. NISSEN, ) | |
| ) | CH. 7 |
| Debtor.  ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK07-80606-TJM |
| GREGORY E. MAHAR, ) | |
| ) | CH. 7 |
| Debtor. ) | |

## **MEMORANDUM**

Hearing was held in Omaha, Nebraska, on July 30, 2007, on the Motion to Dismiss Case for Abuse Pursuant to 11 U.S.C. § 707(b)(3) filed by the U.S. Trustee (Fil. #22-Nissen; Fil. #18-Mahar), and the Resistances filed thereto by Debtors Nissen and Mahar (Fil. #26-Nissen; Fil. #23-Mahar). John Hahn appeared for Debtors, and Jerry Jensen appeared on behalf of the U.S. Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

The U.S. Trustee seeks dismissal of these Chapter 7 cases pursuant to 11 U.S.C. § 707(b)(3). As more fully discussed below, the U.S. Trustee's motions are granted.

### *Findings of Fact*

The underlying facts of these cases are not in dispute:

1. On March 28, 2007, Debtors each filed a voluntary Chapter 7 petition.

2. Debtors were living together at the time of filing their respective petitions and are now married.

3. The liabilities of Debtors are nearly identical and Debtors combined their income and expenses for purposes of completing their Chapter 7 schedules and statements.

4. Upon filing, Debtors completed their Chapter 7 means test calculation using Form B22A. As a result of that means test calculation, a presumption of abuse under 11 U.S.C. § 707(b)(2) does not arise.

5. Debtors' debts are primarily consumer debts and their income is above-median for means test purposes.

6. A little more than one year prior to bankruptcy filing, on December 16, 2005, Debtors purchased the real property and improvements located at 24528 Mason Street, Waterloo, Nebraska, as their residence. The residence is encumbered by a first mortgage in favor of First Franklin Financial Corporation ("First Franklin") in the approximate amount of $499,000.00; a second mortgage in favor of First Franklin in the approximate amount of $124,000.00; and construction liens in the approximate amount of $16,000.00.

7. Debtors have scheduled the value of the residence at $630,000.00, which value is less than the sum total of all liens against it. Thus, Debtors have no equity in the residence.

8. In each case, relief from the automatic stay was granted to First Franklin, the holder of the first and second mortgages against the property.

9. The Chapter 7 Trustee issued his no asset report in each case determining that there were no assets to administer for the benefit of the creditors of these estates.

10. Debtors' mortgage payments total $5,134.50 per month. The loans require interest-only payments. Debtors' mortgage payments constitute approximately 82% of their combined income.

11. The Internal Revenue Service Local Standard for a mortgage/rent expense in Douglas County, Nebraska, for a household size of two is currently $740.00 per month. Therefore, Debtors' mortgage payments are nearly seven times the amount allowed under the Internal Revenue Service Local Standards.

12. The schedules indicate that Debtor Nissen has non-priority unsecured debts totaling approximately $35,000.00, while Debtor Mahar has non-priority unsecured debts totaling approximately $38,000.00.

## *Discussion*

11 U.S.C. § 707(b)(1) provides that a court may dismiss a case of an individual debtor whose debts are primarily consumer debts "if it finds that the granting of relief would be an abuse of the provisions of this chapter." Section 707(b)(2) outlines the "means test" to determine whether a "presumption of abuse" arises. As indicated previously, the presumption of abuse does not arise in this case. Therefore, the U.S. Trustee has filed these motions under § 707(b)(3), which provides in pertinent part as follows:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in

subparagraph (A)(I) of such paragraph[1] does not arise or is rebutted, the court shall consider –
  (A) whether the debtor filed the petition in bad faith; or
  (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

Accordingly, even where the presumption of abuse does not arise under § 707(b)(2), this Court must still determine whether the granting of Chapter 7 relief in these cases would constitute an abuse. Section 707(b)(3) provides the standard for such consideration, namely bad faith or the totality of the circumstances. The U.S. Trustee is proceeding here under the totality of the circumstances.

Specifically, the U.S. Trustee argues that Debtors' mortgage expense is excessive, unreasonable, and unnecessary. To summarize the U.S. Trustee's argument, it is an abuse of the provisions of the Bankruptcy Code to allow Debtors to spend more than 82% of their income on a brand-new luxury home while paying nothing to unsecured creditors.

As noted by the U.S. Trustee, if Debtors had a housing expense in the amount of the Internal Revenue Service Local Standard, Debtors would have had disposable income to repay all unsecured creditors in full within approximately ten months. The U.S. Trustee further points out that even if Debtors had a mortgage payment as high as $4,000.00 a month, Debtors still would have had disposable income and the ability to repay all unsecured creditors in full during the life of a Chapter 13 plan. The U.S. Trustee identifies several pre-BAPCPA cases which were dismissed for substantial abuse under former § (707)(b), where the debtors had excessive housing expenses: *Cox v. Fokkena (In re Cox)*, 315 B.R. 850 (B.A.P. 8th Cir. 2004) (affirming a bankruptcy court's conclusion that Chapter 7 debtors' current housing expense of $3,400.00 per month was not reasonable and had to be reduced for purposes of determining ability to fund a Chapter 13 plan); *In re Elliott*, 2002 WL 970410 (Bankr. N.D. Iowa May 3, 2002) (finding that if debtors reduce their housing expenditures, debtors would be able to devote more to payment of unsecured debts in a Chapter 13 plan); *In re Cook*, 110 B.R. 544 (Bankr. N.D. Okla. 1990) (substantial abuse indicated where the debtors were spending $2,006.00 per month on lodging for a family of three); *Walton v. Smith (In re Smith)*, 229 B.R. 895 (Bankr. S.D. Ga. 1997) (dismissing case where debtors "are attempting to force their unsecured creditors to absorb the expenses of the lifestyle they have maintained but could no longer afford"); *U.S. Trustee v. Duncan (In re Duncan)*, 201 B.R. 889 (Bankr. W.D. Pa. 1996) (dismissing case under § 707(b) because it would be morally and legally unconscionable to allow the debtor to devote 81% of household net income to the mortgage and one utility bill while seeking to discharge all unsecured debt).

---

[1] Congress apparently meant to refer to subsection (A)(i) of Paragraph (2) because there is no subsection (A)(i) of Paragraph (1).

      The U.S. Trustee also correctly notes that the 2005 bankruptcy amendments lowered the threshold in § 707(b) from "substantial abuse" to mere "abuse." Thus, courts have continued to look at the reasonableness of housing expenses when determining whether a case should be dismissed under the new provisions of 11 U.S.C. § 707(b)(3). *See In re O'Brien* 2007 WL 1847390 (Bankr. N.D. Ohio June 25, 2007) (granting U.S. Trustee's motion to dismiss under § 707(b)(3) where debtors had a mortgage expense of $2,400.00 per month); *In re Zayas*, 2007 WL 987240 (Bankr. N.D. Ohio Apr. 2, 2007) (where debtors' mortgage payment of approximately $3,000.00 per month was twice the Local Standard, the court concluded that debtors could significantly reduce their expenses to fund a Chapter 13 plan by moving to a more affordable home. In particular, the court noted that the debtors do not have the right to live in a house of their choosing at the expense of their unsecured creditors.).

      As indicated, Debtors here are devoting most of their net income (82%) to making interest payments on their home while paying nothing to unsecured creditors. The mortgage loans are in default and the mortgage lender has already obtained an order granting relief from the automatic stay. Debtors have stable incomes in amounts which are more than sufficient to pay all unsecured creditors in full even if they had a mortgage payment as high as $4,000.00 per month. Further, it is apparent that no illness, disability, unemployment, or other calamity prompted these cases. Instead, these cases were precipitated by payment problems related to contractors who provided work on Debtors' residence. These Debtors can substantially reduce their expenses, particularly their housing expense, without being deprived of adequate housing, food, clothing, or other necessities. Under the totality of the circumstances, these cases appear to be an abuse of the provisions of Chapter 7.

      For the foregoing reasons, the U.S. Trustee's motions are granted (Fil. #22-Nissen; Fil. #18-Mahar). This Court finds that under the totality of the circumstances of these cases, the granting of relief would be an abuse of the provisions of Chapter 7 of the United States Bankruptcy Code, and the cases should be dismissed. Debtors shall have until September 11, 2007, to file a motion to convert their respective cases to another chapter. If Debtors fail to do so, these cases will be dismissed upon the filing of an affidavit of the U.S. Trustee requesting such dismissal.

      Separate orders to be entered.

      DATED: August 21, 2007.

                                                                 BY THE COURT:

                                                                 /s/ Thomas L. Saladino
                                                                United States Bankruptcy Judge

Notice given by the Court to:
      John Hahn
      *Jerry Jensen/U.S. Trustee
      Richard D. Myers

Movant (*) is responsible for giving notice to other parties if required by rule or statute.